# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JULIE TIMMERMEIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14-CV-42 NAB |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Julie Timmermeier's ("Timmermeier") application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

## I.     Issues for Review

Timmermeier presents three issues for review. First, Timmermeier states that the administrative law judge ("ALJ") committed reversible error by failing to accord adequate weight to the opinion of her treating physician. Next, she contends the ALJ failed to properly evaluate her subjective complaints. Finally, she states that the ALJ did not consider her

persistent efforts to obtain pain relief. The Commissioner contends that substantial evidence on the record as a whole supports the decision.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III. Discussion**

The ALJ determined that Timmermeier had the severe impairments of degenerative disc disease, depression, not otherwise specified, and anxiety not otherwise specified. (Tr. 13.) The ALJ opined that Timmermeier had the residual functional capacity ("RFC") to perform light work, which involves lifting no more than 20 pounds at a time and up to 10 pounds frequently with the following limitations: sit, stand, or walk no more the six hours in an eight hour workday, occasionally stoop, crouch, kneel, crawl and climb ladders, ropes, and scaffolds; at least simple instructions and non-detailed tasks, contact with supervisors and co-workers is casual and infrequent; no constant or regular contact with the general public; no more than infrequent handling of customer complaints; and no work in close proximity to alcohol or controlled substances. (Tr. 14.)

**A. Treating Physician Opinion Evidence**

Timmermeier contends that the ALJ erred in failing to accord the proper weight to her treating physician, Dr. Ramis Gheith. Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the

particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.*

Timmermeier received treatment from Dr. Gheith for pain management. On March 23, 2011, Dr. Gheith indicated in a letter to Timmermeier's long term disability carrier that Timmermeier could not sustain full-time work at the sedentary or light exertional levels. (Tr. 399-400.) According to the form, Dr. Gheith had previously informed the insurer that Timmermeier could not lift, carry, bend, kneel, reach, finger, or handle. (Tr. 399.) He also had previously stated that she needed to sit and stand as needed 10 minutes as a time, walk 15-30 minutes at a time, and could drive as needed. (Tr. 399.) The ALJ gave "virtually no weight" to Dr. Gheith's opinion, stating it was "grossly inconsistent" with his examination treatment notes between January and September 2011, with the exception of some edema. (Tr. 15.) Timmermeier asserts that multiple surgeries and MRIs demonstrate her impairment and as a pain specialist Dr. Gheith's opinion is entitled to greater weight.

Based on the evidence in the record as a whole, the Court finds that the ALJ did not err in evaluating Dr. Gheith's letter to the insurer. The ALJ gave appropriate reasons for discounting the opinion. First, an opinion that a claimant is disabled is not a medical opinion, because it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 1527(d)(1). Therefore, it is not entitled to controlling weight. Second, it is a checklist that lacks explanation for Dr. Gheith's assessment that Timmermeier could not perform any work. The better an explanation, including presentation of relevant evidence such as medical signs and laboratory findings, a source

4

provides for an opinion, the more weight the Court will give that opinion. 20 C.F.R. § 404.1527(c)(3). Third, his treatment records do not support the substantial limitations contained in the opinion. For example, his treatment notes indicate Timmermeier had full range of motion in her neck. (Tr. 350, 364, 371, 378, 385.) Her gait was within normal limits and she ambulated without difficulty at most of her visits. (Tr. 348-349, 362-363, 355-356, 376, 383-384.) In January 2011, Timmermeier stated that her nerve stimulator implant had performed well. (Tr. 347.) She also expressed that her pain had deceased between January 2011 and September 2011. (Tr. 347, 354, 360, 368, 374, 381.) Edema was only found during two visits. (Tr. 370, 377.) By September 2011, she stated that her pain was controlled with the Percocet. (Tr. 382.) Therefore, substantial evidence supports the ALJ's assignment of no weight to Dr. Gheith's opinion in the letter to the insurer.

### B. Evaluation of Subjective Complaints

Next, Timmermeier contends that the ALJ did not properly evaluate her subjective complaints or consider that she has put forth great effort in obtaining pain relief. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006).

In this case, the Court finds that the ALJ properly considered Timmermeier's subjective complaints. The ALJ adequately discussed the *Polaski* factors in evaluating Timmermeier's subjective complaints. "Because the ALJ gave good reasons for discounting Timmermeier's credibility, [the Court defers] to the ALJ's credibility findings." *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012). The ALJ could properly consider suspected instances of drug seeking behavior (Tr. 375, 405, 462), lack of motivation to work (Tr. 556), reduction in medication use (Tr. 468), and her activities of daily living. *See Anderson v. Barnhart*, 344 F.3d 809, 815 (a claimant's misuse of medications is a valid factor in an ALJ's credibility determinations); *Ramirez v. Barnhart*, 292 F.3d 576, 582 n. 4 (8th Cir. 2002) (a claimant's financial motivation may contribute to an adverse credibility determination when other factors cast doubt upon the claimant's credibility); *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking are inconsistent with subjective complaints of disabling pain and reflect negatively upon the claimant's credibility and ALJ can consider that an impairment is being controlled with medication to determine credibility). Substantial evidence in the record as a whole supports the ALJ's credibility determination.

**IV.     Conclusion**

A review of the record as a whole demonstrates that Timmermeier has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination.  *See Pearsall*, 274 F.3d 1211, 1217 8th Cir. 2001 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC).  Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Doc. 1, 14.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 15th day of October, 2014.

　　　　　　　　　　　　　　　　　　　　　　　  /s/ Nannette A. Baker　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE